NEW YORK BOARD OF FIRE UNDERWRITERS v. HIGGINS et al.

(Supreme Court, Appellate Division, First Department. January 8, 1909.)

INSURANCE (§ 14*)—REGULATION OF BUSINESS—REGULATION OF AGENTS.

Attorneys in fact of an unincorporated association, doing an insurance business in the city of New York by insuring against fire, vessels and cargoes, while in New York Harbor and elsewhere and insuring freight while transported to and from the vessels, and insuring automobiles within the city against fire are engaged in insuring property in the city

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

against fire within Laws 1867, p. 2113, c. 846, organizing a corporation to supervise the business of fire insurance in the city with power to require semiannual statements of the aggregate premiums received for insuring property within the city to make a ratable assessment to supply funds for the maintenance of the business of supervision and of a fire patrol, and the attorneys must pay their proportionate share for the benefits received through the fire patrol.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 14.*]

Submission of controversy pursuant to Code Civ. Proc. §§ 1279–1281, by the New York Board of Fire Underwriters against A. Foster Higgins and another.   Judgment ordered for plaintiff.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, and McLAUGHLIN, JJ.

John S. Sheppard, Jr., for plaintiff.
William J. Wallace, for defendants.

HOUGHTON, J.   The plaintiff is a domestic corporation organized by virtue of chapter 846, p. 2113, Laws 1867, and its purpose is to exercise supervision concerning the business of fire insurance in the city of New York.   It has the power to require a statement to be furnished semiannually by all corporations, associations, and persons respecting this aggregate amount of premiums received for insuring property in the city of New York in order to make a ratable assessment to supply funds for the maintenance of its business of supervision.   Amongst other things it maintains a fire patrol organized for the purpose of minimizing loss by fire.   In case the corporations, associations, and individuals who are required to furnish a statement of the aggregate amount of premiums shall neglect to do so, the act creating the plaintiff provides a forfeiture of $50 and a continuous daily forfeiture thereafter until such statement shall be furnished. Defendants are attorneys in fact of an unincorporated association known as the "United States Lloyds," doing business in the city of New York, and they have refused to make such semiannual statements to the plaintiff on the ground that they are not of the class of insurance companies or associations required so to do.   The principal business of defendants is marine insurance.   Some of the ships and cargo which they insure lie for some portion of the period of time covered by their insurance in the harbor of the city of New York.   Some of the "cargo" policies written by the defendant attach the moment the goods leave warehouse or factory, and cover continuously until delivered at warehouse or store at point of final destination.   The defendants also engage in the business of insuring automobiles against various casualties, including fire.   Insurance against fire is also a risk in all the policies written by the defendant whether on vessel or cargo.

The defendants' contention is that, notwithstanding it insures vessels and cargo against fire, nevertheless its business of wholly marine in character of which fire at sea or in port is a necessary element, and that such incidental insurance as transpires while vessel and cargo are in New York Harbor, and while freight is being transported to and from the vessel, does not constitute the doing of the business of

fire insurance in such city. It might be unwise to enter upon an extended abstract analysis and interpretation of the various forms of policies issued by the defendant. It is sufficient for this controversy to state that in our opinion some of them, particularly the automobile policy, insure property within the city of New York against fire, and that the defendants, being engaged in such business, were bound to make the semiannual statement of premiums received as provided by the act under which the plaintiff is incorporated. Not having rendered such statement, it has incurred the forfeitures provided by the act, which forfeitures are stipulated to amount to $1,250.

How the premiums received by the defendants shall be apportioned we do not attempt to state. Whatever may be said of the automobile insurance, manifestly only a part of the total premiums received on its marine policies can be claimed to be paid for the insurance of property against fire while in the port of the city of New York or of cargo while being transported to and from the vessel. The defendants incur some risk, however, in that regard, and are entitled to receive, and doubtless do receive, benefit through the fire patrol maintained by the plaintiff. For such benefit as this may be to the defendants they should pay their proportionate share. As we view the case, judgment must be directed for the plaintiff for the amount stipulated, with costs.

PATTERSON, P. J., and LAUGHLIN, J., concur.